**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

───────────────────────────────────────

**UNITED STATES OF AMERICA,**

         **Plaintiff,**

         v.                                           08-CR-15A(Sr)

**YINGJI JIN,**

         **Defendant.**

───────────────────────────────────────

## SUPPLEMENTAL DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant is charged in an indictment with having violated Title 8 U.S.C. §§ 1324(a)(1)(A)(iii) and 1324(a)(1)(A)(v)(II). (Docket #15). The defendant has filed a motion wherein she seeks the "identity [of] Alien #1" referred to in Count 1 of the Indictment herein. The defendant is charged with concealing, harboring and shielding from detection such Alien #1. (Docket #15).

## DISCUSSION AND ANALYSIS

For purposes of this motion and the charge set forth in Count 1 of the Indictment, this Court considers "Alien #1" as being akin to a "victim" of the crime

charged against the defendant as well as the government's investigatory claim of "human trafficking." As a result, the defendant has a right to know the identity of Alien #1 so as to prevent the prosecution from feeling "free to fill in this vital missing element - free, in a way, which is constitutionally grave whether or not it is highly probable, to name someone different from the one intended by the grand jury. A prosecutorial power 'to roam at large' in this fashion is not allowable." *United States v. Agnone*, 302 F. Supp. 1258, 1261 (S.D.N.Y. 1969); *see also Russell v. United States,* 367 U.S. 749, 768-771 (1962); *United States v. Orena*, 32 F.3d 704, 714-15 (2d Cir. 1994); *United States v. Bennett*, 36 F.R.D. 103, 104 (E.D.S.C. 1964).

Because of the nature of the charge against the defendant herein, it is imperative that

> [t]he defendant must be assured that [s]he is defending against charges, the essential elements of which were determined by the grand jury itself and such elements must therefore be alleged in the indictment. Otherwise, there is danger that the prosecution could fill in essential elements of the unlawful conduct as the proceedings went along which were not before the grand jury and were not passed.

*United States v. Rizzo*, 373 F. Supp 204, 206 (S.D.N.Y. 1973); *Russell v. United States*, 369 U.S. 749, 766 (1962).

Therefore, the defendant's motion is GRANTED and the government is hereby directed to provide the identity of the person referred to as "Alien #1" in Count 1 of the Indictment.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2**

**(concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

*S/ H. Kenneth Schroeder, Jr.*
H. KENNETH SCHROEDER, JR.
United States Magistrate Judge

DATED: Buffalo, New York
April 1, 2009